UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID J. BASSFORD                                                                                    PLAINTIFF

v.                                       Civil No. 6:14-CV-06142

RODNEY HANEY, *et. al.*                                                                         DEFENDANTS

## ORDER

Plaintiff, David J. Bassford, submitted this *pro se* action for filing on December 11, 2014. (Doc. 2)  Currently before the Court is Defendants' Motion to Dismiss.  (Doc. 27)

### I.      BACKGROUND

On February 16, 2016, this Court entered an Order directing Plaintiff to provide Defendants with the required responses to their discovery requests no later than 5:00 p.m. on March 3, 2016. This same Order advised Plaintiff that failure to comply could result in dismissal of his case.  (Doc. 26)  The Order was not returned as undeliverable from Plaintiff's free world address.

On March 18, 2016, Defendants filed a Motion to Dismiss, stating Plaintiff had not complied with the Court's Order and provided the required discovery responses.  (Doc. 27)

Plaintiff has not communicated with the Court since September 21, 2015.  (Doc. 20-2)

### II.     LEGAL STANDARD

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor

> the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.   DISCUSSION

Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.  CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Doc. 27) is **GRANTED**.  Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 17th day of November, 2016.

/s/  *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE